IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CHARLES SULTAN, # A-93755,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 12-cv-1229-MJR |
| ) | |
| **DR. JAMES FENOGLIO,** ) | |
| **DR. PHIL MARTIN, ELAINE HARDY,** ) | |
| **DEB SUCHER, STEPHANIE REED,** ) | |
| **TAMMY KIMMEL,** ) | |
| **WEXFORD HEALTH SERVICES,** ) | |
| **ROBERT BOLDREY,** ) | |
| **BENJAMIN HABING, and** ) | |
| **STATE OF ILLINOIS,** ) | |
| ) | |
| **Defendants.** ) | |

# **MEMORANDUM AND ORDER**

**REAGAN, District Judge:**

Plaintiff, currently incarcerated at Lawrence Correctional Center ("Lawrence"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is serving a 36 year sentence for aggravated kidnapping. He asserts that the unsanitary conditions in Lawrence caused him to contract scabies, which the Defendants then failed to treat. In addition, Defendants refused to give him any medical care after he fell from his top bunk. He thus suffered from unrelieved pain for many months and developed arthritis in his neck and back, for which he has not received satisfactory treatment.

More specifically, Plaintiff claims that the mattress in his cell was filthy and stained with urine. From December 15, 2010, through February 24, 2012, he made numerous requests to Defendants Habing and Boldrey for a replacement mattress, but they failed to take any action (Doc. 1, p. 4; Doc. 1-1, pp. 21, 23, 25). Plaintiff developed itching and a skin rash,

and requested medical care from Defendants Fenoglio, Martin, Hardy, Kimmel, and Sucher (all prison health care professionals). However, he received no treatment for his symptoms until February 24, 2012, when Defendant Fenoglio gave him "permethrin creme" for the scabies (Doc. 1-1, pp. 20-21, 23). Plaintiff also complains that the unsanitary kitchen utensils caused him to become infected with the H. pylori bacteria, and that Defendant Richard Densmore[1] (the dietary manager) refused to correct the sanitation problem (Doc. 1, p. 22).

On December 17, 2010, Plaintiff fell while climbing out of his top bunk. He landed on his back, and injured his neck and foot. He saw Defendant Hardy (a nurse), but she refused to give him anything for his pain, nor did she examine him or order x-rays (Doc. 1, p. 4; Doc. 1-1, pp. 11, 14, 16). Plaintiff was 62 years of age at the time of this accident. After Plaintiff had continued to complain of pain for nearly two years, he had an x-ray in November 2012 that showed he had arthritis in his neck, back, and foot. Over this period, Defendants Fenoglio, Martin, Hardy, Kimmel, and Sucher failed to provide him with pain treatment, and he attributes this failure to the cost-cutting policies of Defendant Wexford Health Services ("Wexford") (Doc. 1-1, p. 20). He also claims that he could have received medication that would have stopped the arthritis from developing, had it not been for the policies of Defendant Wexford. In addition to his claims of deliberate indifference, Plaintiff asserts a state law medical negligence claim (Doc. 1-1, p. 36).

Finally, Plaintiff complains that the Lawrence grievance officers (Daniel Downen, Scott Reis, and Brandon Risse) and Warden Marc Hodge failed to respond to his complaints

---

[1] Defendant Densmore was not included in Plaintiff's list of Defendants (Doc. 1-1, pp. 4-9). The Clerk shall be directed to add him as a party.

about his medical care (Doc. 1-1, p. 13).[2]

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint.  Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable federal cause of action against Defendants Boldrey and Habing for subjecting Plaintiff to unsanitary conditions of confinement (Count 1); and against Defendants Fenoglio, Martin, Hardy, Sucher, Kimmel, and Wexford Health Sources for deliberate indifference to medical needs (Count 2) and medical negligence (Count 3).  However, the claims against Defendant Densmore for failing to provide sanitary kitchen utensils (Count 4), and against Defendants Downen, Reis, Risse, and Hodge for failing to respond to grievances (Count 5) shall be dismissed.

**Medical Negligence (Count 3)**

Where a district court has original jurisdiction over a civil action such as a § 1983 claim, it also has supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367(a), so long as the state claims "derive from a common nucleus of operative fact" with the original federal claims.  *Wisconsin v. Ho-Chunk Nation,* 512 F.3d 921, 936 (7th Cir. 2008).  "A loose factual connection is generally sufficient."  *Houskins v. Sheahan*, 549 F.3d 480, 495 (7th Cir. 2008) (citing *Baer v. First Options of Chicago, Inc.,* 72 F.3d 1294, 1299 (7th Cir. 1995)).  While this Court has supplemental jurisdiction over Plaintiff's state-law negligence claim pursuant to 28 U.S.C. § 1367, this is not the end of the matter.  Further action by Plaintiff is required in order to pursue this claim.

Under Illinois law, a plaintiff "[i]n any action, whether in tort, contract or otherwise, in which the plaintiff seeks damages for injuries or death by reason of medical,

---

[2] Plaintiff did not include these individuals in his list of Defendants (Doc. 1-1, pp. 4-9), but identifies them as Defendants in the body of the complaint.  The Clerk shall be directed to add them as parties to this action.

hospital, or other healing art malpractice," must file an affidavit along with the complaint, declaring one of the following: 1) that the affiant has consulted and reviewed the facts of the case with a qualified health professional who has reviewed the claim and made a written report that the claim is reasonable and meritorious (and the written report must be attached to the affidavit); 2) that the affiant was unable to obtain such a consultation before the expiration of the statute of limitations, and affiant has not previously voluntarily dismissed an action based on the same claim (and in this case, the required written report shall be filed within 90 days after the filing of the complaint); or 3) that the plaintiff has made a request for records but the respondent has not complied within 60 days of receipt of the request (and in this case the written report shall be filed within 90 days of receipt of the records). *See* 735 ILL. COMP. STAT. §5/2-622(a) (as amended by P.A. 90-579, effective May 1, 1998).[3] A separate affidavit and report shall be filed as to each defendant. *See* 735 ILL. COMP. STAT. §5/2-622(b).

Failure to file the required affidavit is grounds for dismissal of the claim. *See* 735 ILL. COMP. STAT. § 5/2-622(g); *Sherrod v. Lingle*, 223 F.3d 605, 613 (7th Cir. 2000). However, whether such dismissal should be with or without prejudice is up to the sound discretion of the court. *Sherrod*, 223 F.3d at 614. "Illinois courts have held that when a plaintiff fails to attach a certificate and report, then 'a sound exercise of discretion mandates that [the plaintiff] be at least afforded an opportunity to amend her complaint to comply with section 2-622 before her action is dismissed with prejudice.'" *Id.*; *see also Chapman v. Chandra*, 2007 WL 1655799 *4-5 (S.D. Ill. 2007).

In the instant case, Plaintiff has failed to file the necessary affidavits. Therefore,

---

[3] P.A. 94-677, effective August 25, 2005, which amended 735 ILL. COMP. STAT. §5/2-622(a) and other portions of the Illinois statute governing health care and medical malpractice actions, was held to be unconstitutional in its entirety in *Lebron v. Gottlieb Mem. Hosp.*, 930 N.E.2d 895 (Ill. 2010). As a result of *Lebron*, the previous version of the statute is now in effect. *See Hahn v. Walsh*, 686 F. Supp. 2d 829, 832 n.1 (C.D. Ill. 2010).

the claim in Count 3 is subject to dismissal. Plaintiff shall be allowed 60 days from the date of this order to file the required affidavits. Should Plaintiff fail to timely file the required affidavits, Count 3 shall be dismissed without prejudice. *See* FED. R. CIV. P. 41(b).

**Claims and Defendants to be Dismissed**

Count 4, in which Plaintiff claims that he contracted a bacterial infection (H. pylori) from eating with contaminated utensils, is duplicative of the claims brought by Plaintiff in *Sultan v. Feinerman, et.al*, Case No. 11-cv-911-MJR-SCW, which is currently pending in this Court. Therefore, Count 4 and Defendant Densmore shall be dismissed from this action without prejudice. Plaintiff may seek leave of court to amend his complaint in Case No. 11-cv-911 if necessary.

In Count 5, Plaintiff complains that Defendants Downen, Reis, Risse, and Hodge failed to respond to his grievances and verbal complaints over the medical Defendants' failure to treat him. The fact that a counselor, grievance officer, or even a supervisor received a complaint about the actions of another individual does not create liability. In order to be held individually liable, a defendant must be "personally responsible for the deprivation of a constitutional right." *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). *See also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). Further, "a state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1995). Thus, Plaintiff has no claim against Defendants Downen, Reis, Risse, or Hodge, because they did not adequately respond to his grievances and complaints about the lack of treatment for his scabies and other injuries. Furthermore, if a prisoner is under the care of prison medical professionals, non-medical prison officials "will generally be justified in believing that the

prisoner is in capable hands." *Arnett v. Webster*, 658 F.3d 742, 755 (7th Cir. 2011) (quoting *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004)). "A layperson's failure to tell the medical staff how to do its job cannot be called deliberate indifference; it is just a form of failing to provide a gratuitous rescue service." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). For these reasons, Plaintiff fails to state a cognizable claim against Defendants Downen, Reis, Risse, and Hodge in Count 5.

Plaintiff listed Nurse Stephanie Reed among the Defendants, but did not mention her elsewhere in the body of the complaint. Plaintiffs are required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); FED. R. CIV. P. 8(a)(2). Where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him. Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Accordingly, Defendant Reed will be dismissed from this action without prejudice.

Plaintiff cannot maintain a suit for damages against the Defendant State of Illinois. The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). *See also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages). Should Plaintiff prevail in his requests for injunctive relief, the necessary Defendants remain in the action.

**Pending Motion**

Plaintiff's motion for appointment of counsel (Doc. 3) shall be referred to United States Magistrate Judge Williams for further consideration.

**Disposition**

The Clerk is **DIRECTED** to add the following party Defendants to this action: **DANIEL DOWNEN, SCOTT REIS, BRANDON RISSE, MARC HODGE,** and **RICHARD DENSMORE.**

**IT IS HEREBY ORDERED** that Defendants **STATE OF ILLINOIS, DOWNEN, REIS, RISSE,** and **HODGE** are **DISMISSED** from this action with prejudice. Defendants **REED** and **DENSMORE** are **DISMISSED** from this action without prejudice.

**IT IS FURTHER ORDERED** that as to the medical negligence claims in **COUNT 3,** Plaintiff shall file the required affidavits pursuant to 735 ILL. COMP. STAT. §5/2-622, within 60 days of the date of this order (on or before **March 11, 2013**). Should Plaintiff fail to timely file the required affidavits, **COUNT 3** shall be dismissed without prejudice.

The Clerk of Court shall prepare for Defendants **FENOGLIO, MARTIN, HARDY, SUCHER, KIMMEL, WEXFORD HEALTH SERVICES, BOLDREY,** and **HABING**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the

Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Stephen C. Williams** for further pre-trial proceedings, which shall include a determination on the pending motion for appointment of counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Williams for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs,


notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: January 9, 2013**

s/ MICHAEL J. REAGAN
United States District Judge