IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLES SULTAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 12-cv-1229-MJR-SCW |
| ) | |
| DR. JAMES FENOGLIO, ) | |
| DR. PHILLIP MARTIN, ) | |
| ELAINE HARDY, ) | |
| TAMMY KIMMEL, ) | |
| WEXFORD HEALTH SERVICES, ) | |
| ROBERT BOLDREY, and ) | |
| BENJAMIN HABING, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**REAGAN, Chief Judge:**

Currently incarcerated at Western Illinois Correctional Center, Charles Sultan filed this civil rights lawsuit under 42 U.S.C. 1983 while confined at Lawrence Correctional Center.  The complaint challenged Plaintiff's conditions of confinement and medical treatment at Lawrence.  On threshold review of the complaint, the undersigned dismissed certain claims and let the suit to proceed on three claims as to eight Defendants (Doc. 6).  Another Defendant and one claim were dismissed in Orders in May 2013 and October 2013 respectively (Docs. 49, 95).  In February 2014, the undersigned dismissed with prejudice the remaining claims under Federal Rule of Civil Procedure 41(b) (Doc. 116).  The United States Court of Appeals for the Seventh Circuit vacated that dismissal and remanded the case for further proceedings (Doc. 135).

1

In late March 2015 and again in February 2016 (Doc. 148, Doc. 178), the undersigned partially granted and partially denied summary judgment motions filed by Defendants. Because the record indicated that Plaintiff had lied in presenting evidence (i.e., fabricating offender request slips and related materials to oppose summary judgment), the Court (in the February 2016 Order) directed Plaintiff to show cause why this case should not be dismissed (and a strike assessed against him) as a sanction for perjury. The undersigned Chief Judge referred the matter to the Honorable Stephen C. Williams, United States Magistrate Judge, to conduct an evidentiary hearing and submit a Report and Recommendation on the issue.

Judge Williams conducted the show cause evidentiary hearing on April 8, 2016. Plaintiff appeared by videoconference from Western Illinois Correctional Center. On April 19, 2016, Judge Williams submitted a thorough, 17-page Report and Recommendation (Doc. 193), recommending that the undersigned dismiss this case and assess a strike against Plaintiff as a sanction for his behavior. The Report details the conduct by Plaintiff including fabrication of request slips to fit the narrative of his case, finds that fabrication to constitute an intentional falsehood, notes that "Plaintiff admitted that he made up the exhibits in support of his summary judgment motion (Doc. 183)," and concludes that Plaintiff committed perjury in this case (Doc. 193).

Judge Williams clearly set a firm deadline by which any objection to the Report and Recommendation had to be *filed*. That deadline (June 6, 2016) elapsed; no objection was timely filed. Accordingly, pursuant to 28 U.S.C. 636(b), the undersigned Judge need not conduct de novo review of the Report and Recommendation. **28 U.S.C.**

**636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").** *See also Thomas v. Arn*, **474 U.S. 140 (1985);** *Johnson v. Zema Systems Corp.*, **170 F.3d 734, 741 (7th Cir. 1999);** *Video Views Inc., v. Studio 21, Ltd.*, **797 F.2d 538 (7th Cir. 1986).**

Accordingly, the Court **ADOPTS** Judge Williams' Report and Recommendation and all findings therein in entirety (Doc. 193), **FINDS** that Plaintiff committed perjury in the course of this litigation, **FINDS** that Plaintiff has not shown cause, and as a sanction for Plaintiff's behavior **DISMISSES this case** with prejudice and assesses a strike against Plaintiff.

IT IS SO ORDERED.

DATED June 8, 2016.

*s/ Michael J. Reagan*
Michael J. Reagan
United States District Judge